JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kelly Baylis

## DEFENDANTS

Community Services Group, Inc.

**(b)** County of Residence of First Listed Plaintiff   Lancaster, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lancaster, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Koller Law PC
2043 Locust St., Ste 1B, Philadelphia, PA 19103
215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❑ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ❑ 2   U.S. Government Defendant | ❑ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | of Property 21 USC 881 | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | ❑ 690 Other | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | ❑ 365 Personal Injury - | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 367 Health Care/ | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Pharmaceutical | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Personal Injury | **LABOR** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | Product Liability | ❑ 710 Fair Labor Standards | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 368 Asbestos Personal | Act | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Injury Product | ❑ 720 Labor/Management | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | Liability | Relations | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | **PERSONAL PROPERTY** | ❑ 740 Railway Labor Act | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 370 Other Fraud | ❑ 751 Family and Medical | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | ❑ 371 Truth in Lending | Leave Act | Act |
| | Medical Malpractice | ❑ 380 Other Personal | ❑ 790 Other Labor Litigation | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Property Damage | ❑ 791 Employee Retirement | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | ❑ 385 Property Damage | Income Security Act | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | Product Liability | | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | **Habeas Corpus:** | ❑ 870 Taxes (U.S. Plaintiff | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 463 Alien Detainee | or Defendant) | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 510 Motions to Vacate | ❑ 871 IRS—Third Party | |
| | Employment | Sentence | 26 USC 7609 | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 530 General | | |
| | Other | ❑ 535 Death Penalty | **IMMIGRATION** | |
| | ❑ 448 Education | **Other:** | ❑ 462 Naturalization Application | |
| | | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | |
| | | ❑ 550 Civil Rights | Actions | |
| | | ❑ 555 Prison Condition | | |
| | | ❑ 560 Civil Detainee - | | |
| | | Conditions of | | |
| | | Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding   ❑ 2  Removed from State Court   ❑ 3  Remanded from Appellate Court   ❑ 4  Reinstated or Reopened   ❑ 5  Transferred from Another District *(specify)*   ❑ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII

Brief description of cause:
sex discrimination

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*
JUDGE _____   DOCKET NUMBER _____

DATE   12/22/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Kelly Baylis

     v.

Community Services Group, Inc.

:
:
:
:
:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12/22/2014 | | Plaintiff, Kelly Baylis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-8917 | 215-575-0826 | david k@kollerlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _28 Dogwood Lane, Mountville, PA 17554_

Address of Defendant: _320 Highland Drive, Mountville, PA 17554_

Place of Accident, Incident or Transaction: _320 Highland Drive, Mountville, PA 17554_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _David M. Koller_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _12/22/14_          _[signature]_          _9019_
                    Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/22/14_          _[signature]_          _9019_
                    Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _28 Dogwood Lane, Mountville, PA 17554_

Address of Defendant: _320 Highland Drive, Mountville, PA 17554_

Place of Accident, Incident or Transaction: _320 Highland Drive, Mountville, PA 17554_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _David M. Koller_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _12/22/14_   _____   _9019_
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/22/14_   _____   _9019_
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

**KOLLER LAW PC**
David M. Koller, Esq. (90119)
Erin W. Grewe, Esq. (313787)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215) 545-8917 (phone)
(215) 575-0826 (fax)

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY BAYLIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMUNITY SERVICES GROUP, INC.** | : | **COMPLAINT AND JURY** |
| **Defendant.** | : | **DEMAND** |
| | : | |

## COMPLAINT

Plaintiff, Kelly Baylis (hereinafter referred to as "Plaintiff"), by and through her counsel, Koller Law, P.C., hereby files the instant complaint against Defendant Community Services Group, Inc. (hereinafter referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was an employee of Defendant from July 2009 until her forced resignation on May 3, 2013. In support of her allegations, Plaintiff avers the following:

## THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2. Plaintiff is an adult female who resides in Mountville, Pennsylvania.

3. Defendant is a Pennsylvania corporation with its principal place of business at 320 Highland

Drive, Mountville, PA 17554.

4. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 because it is engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

5. Defendant employed Plaintiff from

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

8. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

9. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over Defendant in this case because Defendant had contact with this state and this judicial district sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial

2

justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

11. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

16. On or about February 5, 2014, Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination, hostile work environment, and retaliation against Defendant. A true and correct copy is attached hereto as "Exhibit A".

17. This Charge was assigned Charge No. 530-240-01780 and was duly filed with the

3

Pennsylvania Human Relations Commission ("PHRC"). See Ex. A.

18. On or about July 31, 2014, Plaintiff submitted a Request for a Notice of Right to Sue letter to Karen McDonough, Enforcement Officer, requesting that the EEOC issue a Notice of Right to Sue since over one hundred and eighty (180) days had passed from the date of the filing of the EEOC Charge. A true and correct copy of this letter is attached hereto as Exhibit "B".

19. On or about September 30, 2014, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue"). A true and correct copy of this Right to Sue is attached hereto as Exhibit "C".

20. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sue.

21. Prior to filing this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

22. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## PLAINTIFF'S EMPLOYMENT HISTORY

23. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

24. Defendant hired Plaintiff in or around July 2009 in the position of Secretary.

25. Thereafter, Defendant promoted Plaintiff to the position of Direct Support Staff in its Independent Living Skills Department.

26. In or around September or October 2012, Defendant hired David Snyder (hereinafter "Snyder") as the Supervisor of its Independent Living Skills Department

27. In this role, Snyder was Plaintiff's immediate supervisor.

## Snyder, Plaintiff's Direct Supervisor, Sexually Harassed Her

28. Shortly after his hire as Supervisor of the Independent Living Skills Department, Snyder began making inappropriate comments to Plaintiff of a sexual nature.

29. These comments made Plaintiff physically and emotionally uncomfortable.

30. Snyder detailed to Plaintiff his sexual preferences of males versus females.

31. Snyder told Plaintiff that he liked to engage in "threesomes".

32. He also commented that he liked "sucking on guys' cocks."

33. On at least one occasion of which Plaintiff is aware, Snyder sent a video of having sexual intercourse to one of Plaintiff's coworkers, Nicole Weaver.

34. On or around November 29, 2012, Snyder texted Plaintiff and referred to a coworker as the "office floozy."

35. Snyder then stated that this coworkers was a "floozy" because she had an abortion.

36. That same day he texted Plaintiff, "Greeeaaatt (sic), so if you're the smart one AND the cute one, then I have to be the fat one and the hoe . . . damnit (sic)!  Lmao".

### Snyder Bragged of Sexual Past, Including Work as Porn Star

37. By way of example, Snyder told Plaintiff about his past in the pornography industry and making pornographic films.

38. Snyder told Plaintiff about his preferred sexual positions and that he liked to "prime his penis" to get ready for sex.

39. On or around January 19, 2013, Snyder texted Plaintiff that he is "not really into bonding either, bondage sure, but not bonding, lol;" he then asked Plaintiff what she was doing.

40. When Plaintiff responded that she was at a girl's movie night, Snyder asked Plaintiff to read her friends the following text, "dear movie night girls, I'm a former porn star with a case of really strong beer, I can be texted at this number after the movie."

### Snyder Asked to Move in with Plaintiff

41. Snyder told Plaintiff on several occasions that he wanted to move in with her.

42. He told Plaintiff that he sexually pleasured her, then maybe Plaintiff would charge him less rent.

43. Plaintiff took Snyder's comments to mean that he wanted to trade sexual favors.

44. Plaintiff repeatedly declined Snyder's offer.

### Snyder Made Unwanted Physical Advances toward Plaintiff

45. While at work, Snyder made unwanted physical advances toward Plaintiff on several occasions.

46. Snyder purposely rubbed against Plaintiff cheek on several occasions.

47. Snyder also stood behind Plaintiff on several occasions and pushed his crotch into her back while she attempted to work.

48. Once, Snyder kissed Plaintiff on her forehead.

49. At all times, Plaintiff refused Snyder's unwanted sexual advances.

50. This physical contact made Plaintiff extremely uncomfortable.

51. Snyder began altering his work schedule in an effort to spend more time with Plaintiff alone.

52. Snyder supervised Plaintiff in the field/observed her in the community at times when he knew he could be alone with her.

### Plaintiff Reported Snyder's Sexual Harassment to Don Fenestre

53. In or around the end of December 2012, Plaintiff followed Defendant's complaint procedure and reported Snyder's conduct to Don Fenestre, Assistant Program Director.

54. Mr. Fenestre was above Plaintiff in the chain of command.

55. Mr. Fenestre told Plaintiff that he could not do anything about Snyder's sexual harassment.

56. He also told Plaintiff that she was probably just overreacting to the situation.

57. Mr. Fenestre did not investigate Plaintiff's complaints of sexual harassment/hostile work

environment.

58. Mr. Fenestre also did not discipline Snyder or in any way address the problem.

### Plaintiff Next Reported Snyder's Sexual Harassment to Katie Ramsey

59. Because Plaintiff did not receive any help from Mr. Fenestre, Plaintiff next reported Snyder's sexual harassment to Katie Ramsey, Program Director for Adult Day Services.

60. Ms. Ramsey was above Mr. Fenestre in the chain of command.

61. Ms. Ramsey told Plaintiff that she was too busy to look into her complaints.

62. She also told Plaintiff that she did not have time to deal with such "petty" problem.

63. Ms. Ramsey did not investigate Plaintiff's complaints of sexual harassment/hostile work environment.

64. Ms. Ramsey also did not discipline Snyder or in any way address the problem.

### Snyder Continued to Send Plaintiff Sexually Explicit Text Messages

65. On or around January 18, 2013 a few weeks after Plaintiff reported Snyder's conduct to Mr. Fenestre and Ms. Ramsey, Snyder sent Plaintiff approximately eleven (11) text messages about sexual intercourse he had/was having with a woman in New Jersey.

66. Snyder texted Plaintiff "Is sleeping with your former lover/friend's younger sister part of the grieving process? This may end up being a weird night! But the hotel room is paid for at least Lol".

67. He continued, "I think it's a rare psychological therapeutic tool called sexual healing? Or that may be a song? Ahh fuck it, who cares?!"

68. Snyder then texted, "I'm supposed to be working on a eulogy, but . . . um . . . I don't think I'm gonna have a choice in the matter! By the way is 'she had the sexiest black ass I've ever seen until last night' an okay phrase for tomorrow's eulogy? Lmao".

69. Plaintiff attempted to ignore Synder's texts, but he continued to text her.

70. She was fearful of what would happen if she did not respond to Snyder because he was her supervisor.

71. Snyder continued to text Plaintiff that "little sis is prowling around the hotel room in nothing but a football jersey! I guess I'm finally gonna be ready for some football! Wish me luck coach".

72. He then told Plaintiff that he was going to "tak[e] a picture of her in that jersey first though before it ends upon the floor".

### Plaintiff Reported Snyder's Sexual Harassment to Human Resources and the CEO

73. Plaintiff felt that no one at the Company would address Snyder's sexual harassment.

74. Plaintiff felt that she had no choice but to look for another job and resign.

75. On or about April 26, 2013, Plaintiff sent a letter to Human Resources, Emily Hutzler, and to CEO, Susan Blue.

76. Plaintiff wrote this letter to address her concerns about how Mr. Fenestre and Ms. Ramsey treated her following her complaints of sexual harassment in December 2012.

77. In her letter to Human Resources, Plaintiff specifically referenced Mr. Snyder's sexual harassment of her.

78. Along with this letter, Plaintiff also submitted her notice of resignation, effective May 3, 2013.

79. Plaintiff was forced to resign because Defendant refused to investigate her complaints of sexual harassment or in any way discipline Snyder.

### COUNT I - GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

80. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by

reference herein as if the same were set forth at length.

81. Plaintiff is a member of a protected class in that she is female.

82. Plaintiff was qualified to perform the job for which she was hired.

83. Plaintiff suffered adverse employment actions, including, but not limited to, harassment and forced resignation after Defendant refused to investigate her complaints of discrimination or take any corrective action against her harasser.

84. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

85. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II - SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

86. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

87. The foregoing conduct created a sexually hostile work environment for Plaintiff.

88. Plaintiff suffered intentional discrimination because of her sex.

89. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

90. The harasser was Snyder, who was Plaintiff's supervisor and thus was above Plaintiff in the chain of command.

91. The discrimination detrimentally affected Plaintiff.

92. Plaintiff suffered tangible employment actions as alleged herein.

93. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

94. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of Snyder.

95. Defendant knew or reasonably should have known of the sexual harassment.

96. Plaintiff reported the sexual harassment to Don Fenestre and Katie Ramsey, Program Director for Adult Day Services in or around December 2012.

97. Defendant failed to exercise reasonable care to prevent and promptly correct Snyder's harassing behavior.

98. Snyder continued to send Plaintiff sexually explicit text messages and to make unwanted physical advances toward Plaintiff because Defendant failed to prevent and correct Snyder's harassing behavior..

99. Plaintiff suffered adverse employment actions, including, but not limited to, harassment and forced resignation after Defendant refused to investigate her complaints of discrimination or take any corrective action against her harasser.

100. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

101. Defendant is not entitled to an affirmative defense.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III - SEXUAL HARASSMENT – *QUID PRO QUO*
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

102. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

103. Plaintiff is a member of protected class in that she is female.

104. Plaintiff was subject to unwelcome conduct by her supervisor, Snyder.

105. Plaintiff was fearful that if she did not respond to Snyder's sexually charged statements and text messages that he would terminate her or retaliate against her in some other manner.

106. Snyder's conduct was intentional and based upon Plaintiff's gender.

107. Submission to the unwelcome conduct and sexual advances was a condition of Plaintiff's employment.

108. As a result, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – GENDER DISCRIMINATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

109. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

110. Plaintiff is a member of protected class in that she is female.

111. Plaintiff was qualified to perform the job for which she was hired:.

112. Defendant sexually harassed Plaintiff.

113. Defendant discriminated against Plaintiff on the basis of her gender.

114. Defendant created a hostile work environment in violation of the law.

115. Plaintiff suffered adverse job actions, including, but not limited to, harassment and forced resignation.

116. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

117. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

118. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

119. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Kelly Baylis, requests that the Court grant her the following relief against Defendant, Community Services Group, Inc.:

    (a)    Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

    (b)    Compensatory damages;

    (c)    Punitive damages;

    (d)    Liquidated damages;

    (e)    Emotional pain and suffering;

    (f)    Reasonable attorneys' fees;

    (g)    Recoverable costs;

    (h)    Pre and post judgment interest;

    (i)    An allowance to compensate for negative tax consequences;

    (j)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

    (k)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(l)     Order Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial, to the extent possible for Plaintiff, reinstatement to her position having compensation, responsibility, and duties, commensurate with her education, experience, and skills, and appropriate damages awarded;

(m)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions; and

(n)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,
KOLLER LAW, P.C.

Dated: December 22, 2014      **By:**

David M. Koller, Esq. (90119)
Erin W. Grewe, Esq. (313787)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
215-575-0826 fax
Counsel for Plaintiff

13

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 530-2014-01780 |

| | and EEOC |
|---|---|
| **Pennsylvania Human Relations Commission** | |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Kelly Baylis** | **517-902-6048** | **9/21/1981** |

| Street Address | City, State and ZIP Code |
|---|---|
| **28 Dogwood Lane** | **Mountville, PA 17554** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Community Services Group, Inc.** | **15+** | **(717) 285-7121** |

| Street Address | City, State and ZIP Code |
|---|---|
| **320 Highland Drive, P.O. Box 597** | **Mountville, PA 17554** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☒ OTHER (Specify below.)
Hostile work environment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **July 2009**   Latest **May 2013**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Respondent, Community Services Group, Inc. hired me in or around July 2009 in the position of Secretary. I was later promoted to the position of Direct Support Staff member in Independent Living Skills. David Snyder became my supervisor in September of 2012.

Mr. Snyder made sexually inappropriate comments toward me. He talked to me about his past in the pornography industry and/or making pornographic films. Mr. Synder would also tell me about his sexual preferences (males/females) and his preferred sexual positions. He would tell me that he liked to engage in "threeesomes" and "sucking on guys' cocks." Mr. Synder also told me how he liked to "prime his penis to get ready" for sex. On at least one occasion, Mr. Snyder sent a video of himself engaging in sex to one of my coworkers.

While Mr. Snyder was my supervisor, he sent me sexually inappropriate text messages. Please see the attached. For example, in one day, Mr. Snyder sent me approximately eleven (11) text messages about the sex he had with a woman in a town in New Jersey.

See attached for continuation of Charge of Discrimination

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/23/14 _____ ✗ _____ Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Kelly Baylis v. Community Services Group, Inc.
Page 2 of

Mr. Snyder told me on several occasions, how he wanted to move in with me. He told me that if I pleasured him, and he pleasured me, maybe I would charge him less for rent. Mr. Snyder's comments implied I was a prostitute or willing to trade sexual favors for money.

While at work, Mr. Snyder made unwanted physical advances towards me on several occasions. He purposely rubbed against my cheek on several occasions. He also stood behind me on several occasions with his crotch touching me while I worked. Once, Mr. Snyder kissed me on my forehead. Mr. Snyder would also supervise me in the field at questionable times of the day.

I followed Respondent's complaint procedure in reporting Mr. Snyder's conduct. I reported Mr. Snyder's conduct to Don Fenestre who responded that I was probably just overreacting and there was nothing he could do to assist me. I next complained to Katie Ramsey, who told me that she did not have time to deal with such petty complaints.

On April 26, 2013, I wrote a letter to Human Resources and Susan Blue, CEO. In this letter, I specifically referenced the sexual harassment from Mr. Snyder. In this letter, I also addressed my concerns about how Mr. Fenestre and Ms. Ramsey were treating me since I reported sexual harassment. In the April 26, 2013 letter, I resigned effective May 3, 2013. I was constructively discharged May 3, 2013 because of the hostile work environment I faced and because it was never addressed.

I believe that Respondent has discriminated against me on the basis of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that Respondent created a hostile work environment or allowed one to exist in violation of Title VII. Finally, I believe that Respondent retaliated against me for reporting sexual harassment in violation of Title VII.

RECEIVED – EEOC
PHILADELPHIA.D.O.
2014 FEB -5  P 4: 02

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1/23/14                <br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# EXHIBIT B

## LAW OFFICES OF
### KOLLER LAW P.C.

DAVID M. KOLLER                                                ERIN W. GREWE

*Attorneys are Licensed in Pennsylvania and New Jersey*

July 31, 2014

**Via First Class Mail**
Karen McDonough
Enforcement Manager
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

   **Re:**  **Kelly Baylis v. Community Services Group, Inc.**
       **EEOC Charge No.: 530-2014-01780**

Dear Ms. McDonough:

  Please issue a right to sue letter upon request of my client, Charging Party Kelly Baylis, relative to the above captioned matter, and certify that your investigation cannot be completed within 180 days. You can forward the Notice of Right to Sue to me at my firm's address listed below.

  If you have any questions or concerns regarding this request please let me know.

  Thank you.

        Very Truly Yours,
        KOLLER LAW, P.C.

        David M. Koller, Esq.

Cc: Jeffrey Worley, Esquire (via electronic mail)

# EXHIBIT C

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Kelly Baylis<br>28 Dogwood Lane<br>Mountville, PA 17554 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-01780 | Marcel D. Baldwin,<br>Investigator | (216) 522-2246 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Spencer H. Lewis, Jr. /cs*

**Spencer H. Lewis, Jr.,**
**District Director**

SEP 3 0 2014

*(Date Mailed)*

Enclosures(s)

cc: Jeffrey J. Worley
Gibbel Kraybill & Hess, LLP
c/o COMMUNITY SERVICE GROUP
41 East Orange Street
Lancaster, PA 17602

David M. Koller, Esq.
LAW OFFICES
2043 Locust Street
Suite 1-B
Philadelphia, PA 19103

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*